[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6750
BACKGROUND
This is an action brought by the Plaintiff husband against the Defendant wife for dissolution of their marriage on the ground of irretrievable breakdown. The parties were married on September 13, 1986 in Perth Amboy, New Jersey. They have no children.
The parties appeared at trial and each testified. The court observed their demeanor and evaluated their credibility. In addition, the court reviewed and considered the exhibits, sworn financial affidavits, claims for relief, proposed orders and trial memoranda[1]. Based upon the evidence, the court makes the following findings.
This action was commenced on June 17, 1998. The court has jurisdiction, and all statutory stays have expired. The marriage has irretrievably broken down and judgment may enter dissolving the marriage on this ground. The Plaintiff is 40 years old and in good health. He received his Bachelor of Arts degree in 1982 from Southern Connecticut State University. The Defendant is 41 years old and in good health. She received her Bachelor's Degree in business education in 1980 from Ryder University.
In 1983, when the parties first met, the Plaintiff was selling advertising and the Defendant was a junior research analyst at Smith Barney. Shortly thereafter, the parties began living together, and the Defendant began her studies for and obtained her stock broker's license. In 1985, they contracted to purchase a pre-construction condominium in New York. In 1986, the parties married and in 1988 they closed on the completed condominium. Both parties worked throughout their marriage and both contributed to the purchase of the condominium and to the payment of their expenses throughout the marriage. While the Defendant earned more during the marriage, the net effect of her contributions was diminished by margin costs and losses on her stock trades. Throughout the marriage she controlled most of the family finances and virtually all of the investment decisions. She intermingled their jointly owned securities and funds from their stock transactions with her own personal stock and funds held in her own bank accounts.
In 1990, the parties purchased a home at 19 Sea Spray Road, Westport. The purchase price was $508,000, $370,000 of which was mortgage proceeds. Forty-five thousand dollars of the balance came from the Defendant's premarital funds and a gift from her parents, and the balance from the parties' joint funds. CT Page 6751
At the time of their marriage, the Defendant had approximately $142,000 and the Plaintiff after using approximately one half of his funds for an engagement ring, had approximately $8000. During the marriage, the Defendant transferred some $40,000 of the parties' assets, without consideration, to her parents. The Defendant has a greater earning potential than the Plaintiff and has a greater ability and opportunity for acquisition of assets.
It would serve no useful purpose to recount all of the allegations, charges, and evidence on the cause for the breakdown of this marriage. Both parties bear some responsibility, but the greater share is attributable to the Defendant.
ORDERS:
The court has carefully considered the statutory criteria and the applicable case law in reaching the decision reflected in the orders that follow. Neither party has made any claim for alimony. (See "Husband's Claims for Relief" dated March 7, 2000 and "Defendant's Request for Judgment" dated March 7, 2000.)
 1. The marriage of the parties, having broken down irretrievably, is hereby dissolved.
 2. The parties shall place the jointly owned 19 Sea Spray Road, Westport, Connecticut property on the market for sale within 30 days. The parties shall cooperate with each other on all aspects of said sale including but not limited to selecting a broker, setting a listing price, disclosing all offers of sale, presenting counter offers and accepting terms of sale. The net equity in the house after payment of sales commissions, and expenses of sale, shall be divided between the parties as follows: the Plaintiff shall receive $250,000 and the Defendant shall receive the balance. The court retains jurisdiction over any and all issues which may arise concerning the sale of the marital residence including but not limited to the establishment of a listing price in terms of the listing and each parties' compliance with the listing agreement and acceptance of offers of sale.
 The Defendant shall have the option of purchasing the Plaintiff's interest, and avoiding a sale of the CT Page 6752 property, by payment to the Plaintiff of $250,000 by bank or certified check on or before 30 days after the filing of this Memorandum of Decision, and by refinance of the existing mortgage in her name alone. Said refinance shall be accomplished forthwith. The court shall reserve jurisdiction to determine any issues pertaining to the option, sale and transfer of the property. In the event that the Defendant exercises said option, and upon payment of said $250,000 and refinance as provided, the Plaintiff shall quit claim his interest in said property to the Defendant. Thereafter, the Defendant shall be solely responsible for, and shall pay, the mortgage, real estate taxes, home owner's insurance, all other debts and costs associated with the property as they exist or become due and she shall hold the Plaintiff harmless and indemnify him thereon from any claims that might arise as a result of the parties joint ownership of said property.
 3. The Plaintiff shall retain ownership of the property at 303 East 60th Street, New York, New York, free and clear of any claim by the Defendant. The Defendant shall immediately quit claim her interest in said condominium to the Plaintiff The Plaintiff shall be responsible for, and shall pay, the mortgages presently on the property and shall indemnify and hold the Defendant harmless on account of any mortgages, taxes, debts or claims, either current, past or assessed in the future, as related to the property.
 4. The Plaintiff shall retain ownership of his bank accounts shown in paragraph IV C of his financial affidavit dated March 7, 2000.
 5. The Plaintiff shall retain ownership of his IRA and 401K accounts as shown on paragraph IV D of his financial affidavit.
6. The Plaintiff shall retain ownership of his boat.
 7. The Defendant is the owner of approximately 2800 shares of Merrill Lynch common stock. As a further assignment of property, the Defendant shall retain ownership of said shares and shall pay to the CT Page 6753 Plaintiff the sum of $80,000 in four equal payments of $20,000 each as per the following schedule:
 first payment of $20,000 on or before July 1, 2000; and second payment of $20,000 on or before January 1, 2001; and third payment of $20,000 on or before July 1, 2001; and fourth payment of $20,000 on or before January 1, 2002.
 In the event any said payment is not timely made, interest will accrue upon any principal balance remaining unpaid at the rate of 12% per annum until paid.
 8. On or before June 30, 2000, the Defendant shall assign and transfer to the Plaintiff, by way of assignment of property, 57% of her interest in her IRA to an IRA designated by the Plaintiff. Said transfer is to be by direct transfer from the Defendant's IRA to the Plaintiff's IRA, or if necessary, by preparation and execution of a QUADRO. The Defendant shall also transfer to the Plaintiff 50% of her Merrill Lynch pension benefits, which division shall be accomplished by a Qualified Domestic Relations Order. The Defendant shall execute any and all authorized forms necessary to permit the Plaintiff to obtain the required information and forms from Merrill Lynch for the drafting of such order. The order shall be prepared at the direction of the Plaintiff's counsel who shall submit the proposed order to Defendant's counsel for approval. The court retains jurisdiction to effectuate the transfer of the IRA and the division of the pension. "Pension" shall include all "Pension and Retirement Plans," shown on the Defendant's financial affidavit, § 6, dated March 7, 2000.
 9. Personal property — The Defendant shall be entitled to those assets in the possession of the Plaintiff that came from her family. The Plaintiff shall be entitled to those assets in the possession of the Defendant that came from his family. The balance of the personal property shall be equally divided. In the event there shall be any disputes concerning personal property, the parties shall CT Page 6754 mediate the issues before Family Relations. In the event they are unable to reach agreement, they may return to court for further hearings and orders on this issue. The court will retain jurisdiction over the issues of personal property.
 10. Other than as specifically provided herein, each of the parties shall be solely liable and responsible for all liabilities shown on their respective financial affidavits.
 11. Each party shall be responsible for their own attorney's fees.
12. Neither party shall receive alimony.
Judgment enter in accordance with these orders.
HILLER, J.